

**IT IS ORDERED as set forth below:**

**Date: October 4, 2024**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

YOLANDA CAROL JOSHUA,

    Debtor.

CASE NO. 24-59520-PWB

CHAPTER 7

**ORDER DENYING IMMEDIATE TURNOVER OF VEHICLE**
**AND NOTICE OF HEARING ON DEBTOR'S REQUEST FOR JUDICIAL**
**INTERVENTION, RETURN OF PROPERTY, AND DOCUMENTATION REVIEW**
**UNDER U.C.C. § 9-210**

The Debtor filed this chapter 7 case on September 9, 2024.  According to the "Affidavit of Facts" attached to her "Request for Judicial Intervention, Return of Property, and Documentation Review Under U.C.C. § 9-210" ("the Request"),

Mercedes Benz Financial Services repossessed her 2016 Mercedes C-Class (the "Vehicle")[1] on September 5, 2024, four days before her bankruptcy filing, and has refused her demands to return the Vehicle to her. The Debtor alleges Mercedes Benz Financial Services' actions violate the automatic stay and she requests immediate return of the Vehicle.[2]

The Court concludes that immediate turnover of the Vehicle is not appropriate, and that any turnover of the Vehicle is subject to a hearing.

Upon the filing of a bankruptcy case, the automatic stay of 11 U.S.C. § 362(a) becomes effective. In Georgia, if a creditor has repossessed a debtor's motor vehicle prior to the filing of the petition, but has not yet disposed of it, the debtor continues to have an ownership interest in the vehicle, and it is property of the estate. *E.g., Motors Acceptance Corp. v. Rozier (In re Rozier)*, 376 F.3d 1323 (11th Cir.2004).

Among other things, the automatic stay prohibits any act to exercise control over property of the estate. 11 U.S.C. § 362(a)(3). Bankruptcy judges in the Northern District of Georgia have ruled that the automatic stay requires the immediate and unconditional return of a repossessed vehicle unless the creditor promptly seeks an order in the bankruptcy court for adequate protection and permission to withhold possession of the vehicle pending the provision of adequate protection. *E.g., Stephens v. Guaranteed Auto, Inc. (In re Stephens),* 495 B.R. 608 (Bankr. N.D. Ga. 2013)*;*

---

[1] Mercedes Benz Financial Services' motion for relief from stay identifies the make and model of the vehicle in the retail installment contract attached to the motion. [Doc. 16].

[2] The Debtor's Request asserts a number of other legal claims which appear, at best, to have nothing to do with bankruptcy, and, at worst, to be nonsensical and meritless.

*Castillo v. Three Aces Auto Sales (In re Castillo)*, 456 B.R. 719, 724 (Bankr. N.D. Ga.2011); *cf. Roche v. Pep Boys, Inc. (In re Roche)*, 361 B.R. 615 (Bankr. N.D. Ga. 2005).

Mercedes Benz Financial Services has indeed filed a motion for relief from the automatic stay because the Debtor has not offered it adequate protection and because the amount of the debt exceeds the value of the vehicle.

But there is also a fundamental difference between this case and those cited supra. This is a chapter 7 case. All of these cited cases are chapter 13 cases in which the debtor's plan contemplates retention of the vehicle and payment of the debt secured by the vehicle.  A chapter 7 case does not offer a creditor these protections. Moreover, if a creditor has an obligation to turn over property, § 542 directs that the creditor's obligation is to turn it over to the case trustee.

A chapter 7 debtor has three statutory options with respect to collateral: surrender of the collateral to the creditor; redemption of the vehicle from a lien held by the creditor pursuant to 11 U.S.C. § 722 by paying the value of the collateral; or retention of the vehicle by reaffirming the debt secured by the collateral on consensual terms reached by the parties pursuant to 11 U.S.C. § 524(c).

The Debtor has not filed the required statement of intention with respect to the debt owed to Mercedes Benz Financial Services secured by the Vehicle. Based on the Debtor's request for turnover of the Vehicle one surmises that she must either plan to either exercise her right of redemption or reaffirm the debt.  The problem with redemption is that it requires a motion and full payment of the value of the vehicle.

The problem with reaffirmation is that it is completely consensual, so if Mercedes Benz Financial Services does not want to continue to do business with the Debtor it cannot be compelled to do so.

If the Debtor lacks the finances to redeem or Mercedes Benz Financial Services declines to reaffirm the debt, there is no practical reason to return the vehicle to the Debtor.

Because the Debtor has not proposed a treatment for the vehicle securing Mercedes Benz Financial Services' claim or offered adequate protection to it, immediate return of the vehicle which was repossessed prepetition is inappropriate in a chapter 7 case and a hearing is required. Accordingly, it is

ORDERED that the Debtor's request for immediate turnover of the Vehicle is denied. It is

FURTHER ORDERED AND NOTICE IS HEREBY GIVEN that  that the Court shall hold a  hearing on the Debtor's "Request for Judicial Intervention, Return of Property, and Documentation Review Under U.C.C. § 9-210" on **October 17, 2024**, at  **10:00 a.m.**, in Courtroom 1401, U.S. Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, which may be attended in person or via the Court's Virtual Hearing Room. A party may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on Judge Bonapfel's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on Judge Bonapfel's webpage for further information about the

hearing. Parties and counsel should be prepared to appear at the hearing via video but may leave the camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

**END OF ORDER**

**<u>Distribution List</u>**

Yolanda Carol Joshua
Apt 231
1160 Hammond Drive
Sandy Springs, GA 30328

Jordan E. Lubin
Lubin Law, P.C.
Building 2
8325 Dunwoody Place
Atlanta, GA 30350-3307

Ronald A. Levine
Levine & Block, LLC
P.O. Box 422148
Atlanta, GA 30342